NELSON P. CHEARS (SAME AS NELSON P. CHEARS, S.R.) PLAINTIFF v. ROBERT A. YOUNG & ASSOCIATES, INC., AND ROBERT A. YOUNG, SR., ORIGINAL DEFENDANTS, v. THOMAS CHEARS, JR., ADDITIONAL DEFENDANT

No. 801SC308

(Filed 2 December 1980)

**Brokers and Factors § 6.7— agreement to split real estate commissions — default by buyer — no further commission payments by seller — action by one broker against other broker**

> Summary judgment was properly entered for original defendant real estate firm in an action by additional defendant to recover real estate commissions where the pleadings and evidence before the court showed that the seller of a tract of realty agreed to pay original defendant a commission of $55,000 for negotiating a sale of the tract; the commission was to be paid $15,900 at closing and the balance in two annual installments; original and additional defendants made an oral agreement that original defendant would pay additional defendant one-half of any commissions it received from the seller; the initial $15,900 commission and other sporadic commission payments made by the seller were split between original defendant and additional defendant; and the buyer defaulted on its obligation to the seller, and no additional commission payments have been or will be made by the seller, since the right to share in commissions under an agreement between brokers does not arise until the commissions have been actually received by the broker charged with liability.

APPEAL by additional defendant, V. Thomas Chears, Jr., from *Barefoot, Judge.* Order entered 22 October 1979 in Superior Court, CHOWAN County. Heard in the Court of Appeals 6 October 1980.

Plaintiff, Nelson P. Chears, instituted this action against the original defendant, Robert A. Young and Associates, Inc., (hereinafter Associates), and Robert A. Young, Sr., to recover the balance of real estate commissions allegedly due her former husband, V. Thomas Chears, Jr. Mr. Chears had by written assignment assigned all of his rights in this particular contract to plaintiff as part of a prior divorce settlement. On motion of the original defendants, Mr. Chears was made an additional defendant by order of the court dated 5 September 1978.

The pleadings, depositions and answers to interrogatories before the court show: the additional defendant (hereinafter Chears) was an attorney and was employed by Carolina Shores Development Corporation (hereinafter Carolina Shores) in 1972 and 1973 to sell a tract of land owned by Carolina Shores. This tract of land was known as the Reynolds Tract and was located in Kill Devil Hills. Chears, in conjunction with Associates, a real estate firm doing business in Kill Devil Hills, initiated and formed a group of investors to purchase the Reynolds Tract. The land was eventually conveyed to this group, Village Development Corporation (hereinafter Village Development).

In the contract of purchase and sale of the Reynolds Tract between Carolina Shores, seller, and Village Development, buyer, it was agreed that Carolina Shores would pay Associates a commission of $55,000 in return for its services in negotiating the contract. The commission was to be paid $15,900 at closing with the balance to be paid in two annual installments of $19,550.

Subsequent to the contract of sale Associates and Chears made an oral agreement to the effect that Associates would pay to Chears one-half of any commissions it received from Carolina Shores. Carolina Shores paid the initial $15,900, which Associates split with Chears. Thereafter, sporadic payments on the commissions were made directly to Chears by Carolina Shores or they were made to Associates who in turn split them with Chears. On 16 November 1974, Chears made the first of two assignments of further commission payments to the plaintiff.

Village Development defaulted on the payment of its obliga-

tion to Carolina Shores. The contract between Village Development and Carolina Shores was cancelled and the property was reconveyed to Carolina Shores.

As a result of the cancellation of this primary obligation between Carolina Shores and Village Development, Carolina Shores made no further commission payments to Associates. Consequently, Associates did not pay Chears any further commissions.

Chears filed a cross claim against Associates claiming that Associates was in breach of the oral agreement and was indebted to him for the remainder of its share of the $55,000 commission.

Upon hearing of the motion of Associates, the court ordered summary judgment in its favor on 22 October 1979. Plaintiff and Chears gave due notice of appeal from this order to the Court of Appeals. Only Chears perfected his appeal.

*Broughton, Wilkins and Crampton, by J. Melville Broughton, Jr., for additional defendant appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley and Shearin, by Norman W. Shearin, Jr., and Roy A. Archbell, Jr., for original defendant appellees.*

MORRIS, Chief Judge.

Assuming arguendo that Chears is the real party in interest, and that the three-year statute of limitations, G.S. 1-52, does not bar the action to recover the commissions in question, we still affirm the trial court's order of summary judgment in favor of the original defendants.

G.S. 1A-1, Rule 56, requires that a motion for summary judgment be rendered when the pleadings, affidavits, depositions, interrogatories and admissions show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. The party moving for summary judgment, here Associates, has the burden of proving that there is no triable issue of fact. *Railway Co. v. Werner Industries,* 286 N.C. 89, 209 S.E. 2d 734 (1974). *See: Investments v. Housing, Inc.,* 292 N.C. 93, 232 S.E. 2d 667 (1977), and cases cited therein. Once the movant satisfies this burden the adverse party, here Chears, must show that there is some genuine issue of fact for trial. G.S. 1A-1, Rule 56(e); *Kidd v. Early,* 289 N.C. 343, 222 S.E.2d 392 (1976).

Application of the foregoing rules to the evidentiary materials at hand demonstrates that this is an appropriate case for summary judgment.

Chears submitted no evidentiary materials in opposition to the original defendant's motion for summary judgment. He relies on the materials submitted by Associates and on his own pleadings.

The pleadings and evidence before the court show only that Associates and Chears had an oral agreement to split the commissions received from the sale of the Reynolds Tract to Village Development. There is no evidence of any agreement between the parties that Associates be obligated to pay Chears one-half of the anticipated full commission of $55,000 even in the event that only a portion of the full commission was received.

There are no North Carolina cases on point, but many cases from other jurisdictions support the proposition that the right to share in commissions under an agreement between brokers to divide commissions does not arise until the commissions have actually been received by the broker charged with liability. *See:* 71 A.L.R. 3d 586 (1976); 12 C.J.S. *Brokers* § 81. This appears to us to be sound reasoning which brings about a practical result. We adopt this majority view.

The evidence in the case *sub judice* is uncontradicted that Associates did pay to Chears his fair share of the commissions actually received. It also shows that the buyer of the subject property defaulted on its obligation to the seller which resulted in the reconveyance of the property to the seller. No additional commission payments would be forthcoming from the principal.

Chears has failed to raise any issue of fact as to the nature of the agreement in question, nor has he raised any issue of fact as to Associates' full compliance with that agreement. Therefore, the order granting the motion for summary judgment is

Affirmed.

Judges VAUGHN and WELLS concur.